IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAURICE MOORE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DARLA S. IDEUS, Lancaster County District Judge;<br><br>　　　　　　Defendant. | 4:18CV3052<br><br>**MEMORANDUM AND ORDER** |

　　Plaintiff filed a Complaint on April 12, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I. SUMMARY OF COMPLAINT

　　Plaintiff brings this action against Lancaster County District Court Judge Darla S. Ideus ("Judge Ideus"), in her official and individual capacities. (Filing No. 1 at CM/ECF p. 1.) In his Complaint, Plaintiff alleges that Judge Ideus' March 6, 2018 order denying his motion to modify child support and his application to proceed in forma pauperis injured his reputation and violated several provisions of the Nebraska Constitution, 42 U.S.C. § 1983, and his right to equal protection of the laws.[1] (Id. at CM/ECF pp. 2-4.) Plaintiff seems to allege, in conclusory fashion, that Judge Ideus' actions were racially and gender motivated. (Id. at CM/ECF p. 1.)

---

[1] Judge Ideus' order states:

> In his Motion to Modify, plaintiff alleges he pays child support of $50.00 per month directly to the child and that the Nebraska Department of Health and Human Services Child Support Enforcement Report is damaging his

For relief, Plaintiff seeks damages in the amount of $1 million. (*Id.* at CM/ECF p. 4.) Plaintiff also asks for a declaration that Judge Ideus injured his reputation and violated the Nebraska Constitution,[2] 42 U.S.C. § 1983, and Plaintiff's rights to equal protection of the laws. (*Id.* at CM/ECF pp. 3-4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

---

> reputation. Neither of these allegations state a basis for modification.
>
> The Motion to Modify is frivolous and for that reason, plaintiff's Motion to Proceed In Forma Pauperis is denied.

(Filing No. 1 at CM/ECF p. 5.)

[2] Violations of state laws do not by themselves state a claim under 42 U.S.C. § 1983. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995).

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Sovereign Immunity

Plaintiff sued Judge Ideus, a state district court judge, in her official capacity and in her individual capacity. Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Judge Ideus in her official capacity.

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff brought suit against Judge Ideus in her official capacity. As a district court judge within the Nebraska Judicial Branch, Judge Ideus is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tyler v. Kimes*, No. 8:18CV74, 2018 WL 3057873, at *2 (D. Neb. June 20, 2018) (citing

3

*Tisdell v. Crow Wing Cnty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state)). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Therefore, this court lacks jurisdiction over Plaintiff's damages claim against Judge Ideus in her official capacity.

**B. Judicial Immunity**

Plaintiff's individual-capacity claims against Judge Ideus also fail.

A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, Plaintiff does not allege that Judge Ideus was doing anything other than performing traditional judicial functions in her judicial capacity. Nor does Plaintiff allege that the Lancaster County District Court did not have jurisdiction over his case. Thus, Plaintiff's allegations are insufficient to establish a plausible claim that the actions of Judge Ideus were not normal judicial functions or that her actions were taken in complete absence of all jurisdiction. Accordingly, Plaintiff's individual-capacity claims against Judge Ideus for money damages are barred on the basis of judicial immunity.

**C. Requests for Declaratory Relief**

Plaintiff also seeks declaratory relief. While sovereign immunity and judicial immunity are not bars to certain actions for declaratory relief, *see Alden v. Maine*, 527 U.S. 706, 757, (1999); *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984); *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff is not entitled to such relief. Plaintiff essentially asks for a declaration that Judge Ideus injured his reputation and violated the Nebraska Constitution, 42 U.S.C. § 1983, and Plaintiff's rights to equal protection of the laws. (Filing No. 1 at CM/ECF pp. 3-4.) These are requests for a declaration of past liability. They do not pertain to Plaintiff's future rights. Therefore, a declaratory judgment would serve no purpose and is not available. *See Moore v. Gerrard*, No. 4:15CV3140, 2016 WL 8376696, at *2 (D. Neb. Feb. 22, 2016) (declaration of past liability precluded by judicial immunity); *Jacobson v. Bruning*, No. 4:06-CV-3166, 2007 WL 1362638, at *2 (D. Neb. Apr. 24, 2007) ("a declaratory judgment establishing *past* liability of the State is . . . forbidden by the Eleventh Amendment" (italics in original) (citing *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002))), *aff'd*, 281 F. App'x 638 (8th Cir. 2008); *Hansen v. Vampola*, No. 4:07CV3074, 2007 WL 1362689, at *2 (D. Neb. Apr. 16, 2007) ("A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution." (bold in original)).

Plaintiff's claims for declaratory relief are also barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003)

5

(dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

A review of the Complaint reveals that Plaintiff's request for declaratory relief would necessarily require the court to determine that Judge Ideus' order was wrongly decided. Stated differently, it is clear that the injuries Plaintiff is complaining of were caused by Judge Ideus' order against him. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments"); *cf. Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (finding *Rooker-Feldman* does not apply when litigant's injuries were not caused by a state-court judgment). The court concludes that Plaintiff's claims for declaratory relief are precluded by the *Rooker-Feldman* doctrine as being "inextricably intertwined" with a state court ruling.

For the foregoing reasons, the court will dismiss this action. The court will not provide Plaintiff with an opportunity to file an amended complaint because it is apparent that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 18th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge